# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**CHARLES COOPER**,

       Plaintiff,

v.                                                                 No. CIV 05-1285 BB/RLP

**DIRK KEMPTHORNE, Secretary**,
**DEPARTMENT OF THE INTERIOR**,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, filed on May 31, 2007 **[Doc. 13]**. The Court, having considered the motion, response, reply, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

**I. Procedural Background**

Plaintiff's employment with the Bureau of Indian Affairs (BIA) was terminated in March, 2002, effective April, 2002. In June, 2002 he filed a formal EEO complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 on the basis of race (Caucasian). At the conclusion of the EEOC investigation, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Following this hearing, the ALJ issued a decision on June 30, 2005, finding that Plaintiff had established, by a preponderance of the evidence, that his race

had been a substantial factor in the agency's action and also finding that the agency would have terminated Plaintiff absent discrimination. The ALJ ordered training and the posting of a notice of discrimination, and awarded Plaintiff his attorney's fees. On August 22, 2005 the United States Department of the Interior (Agency) sent Plaintiff a Final Order indicating its intent to appeal the ALJ's decision in its entirety.  On December 8, 2005 Plaintiff filed his Complaint in this Court.  The EEOC continued processing the Agency's appeal, and on March 16, 2006 the EEOC issued its final decision in the case, affirming the ALJ's decision.  Plaintiff served Defendant with his complaint in March, 2007. Defendant answered Plaintiff's complaint in March, 2007 and filed this Motion to Dismiss in May, 2007.

**II. Motion to Dismiss on the Basis of Subject Matter Jurisdiction**

A. Standard of Review

Defendant brought this 12(b)(1) motion challenging this Court's subject matter jurisdiction, alleging that Plaintiff failed to exhaust his administrative remedies.  A plaintiff may bring one of two types of 12(b)(1) challenges, a facial challenge or a factual challenge. *Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995)). Where a moving party makes a facial attack on the complaint as to the existence of subject matter jurisdiction, the district court must accept the complainant's allegations as true. *Stuart,* 271 F.3d at 1225.  In the alternative, a party may go beyond the complaint and challenge the facts upon which subject matter jurisdiction is based. *Id.* Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve

disputed jurisdictional facts. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Defendant has stated in its Motion that it is challenging the factual basis upon which subject matter jurisdiction depends [Defendant's Motion to Dismiss, 3].

B. Exhaustion of Administrative Remedies

"Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court." *Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993). Defendant maintains that Plaintiff failed to exhaust his administrative remedies by first filing his action in district court too early, and then neglecting to refile this action within the proper time period [Defendant's Motion to Dismiss, 2]. Plaintiff maintains that he was confused as to his right to bring a civil action by the "Final Order" sent to him by the agency and that exhaustion would be futile at this point [Plaintiff's Response, 4, 7]. The crucial issue in this case, however, is one that Plaintiff does not address–namely whether the premature filing by Plaintiff denies this Court subject matter jurisdiction.

In a case such as this, the complainant's ability to bring suit in a United States District Court is governed by 29 C.F.R. §1614.407, which provides that a complainant may file a civil action (a) within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed; (b) after 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken; (c) within 90 days of receipt of the Commission's final decision on an appeal; or (d) after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission. *Id.* The Agency appealed the ALJ's decision to the Commission, thus Plaintiff's action would have been

most properly brought either 180 days after the date of the Agency's appeal or 90 days after the Commission's final decision. Defendant's appeal was filed on August 22, 2005 and Plaintiff's complaint was filed on December 8, 2005, 108 days later. Plaintiff therefore filed his lawsuit approximately 72 days early.

While it is clear from the statutory language that Plaintiff brought his lawsuit too early, the Court finds that this alone does not amount to a failure to exhaust administrative remedies and thus finds that the Court has subject matter jurisdiction over Plaintiff's claim. The Tenth Circuit has not directly addressed the scenario presented in the instant case, and other courts have reached different results on the issue.[1] When faced with a very similar fact pattern in *Brown v. Snow*, the Eleventh Circuit upheld federal jurisdiction. *Brown v. Snow*, 440 F.3d 1259, 1263-1264 (11th Cir. 2006). As in the instant case, the former federal employee in *Brown* filed his case before 180 days had passed from the date of the appeal[2] to the EEOC, but the EEOC continued to process the appeal for the full 180 day period. Thus the court also had to evaluate whether the plaintiff's premature filing alone deprived the court of subject matter jurisdiction. The Eleventh Circuit noted that "[t]o determine whether an employee failed to exhaust his

---

[1] Compare *Tolbert v. U.S.*, 916 F.2d 245, 249 (5th Cir. 1990) (administrative exhaustion must be construed strictly); *Rivera v. U.S.P.S.*, 830 F.2d 1037, 1039 (9th Cir. 1987) (same) with *Brown v. Snow*, 440 F.3d 1259 (11th Cir. 2006) (discussed above) and *Saulters v. Nicholson*, 463 F. Supp. 2d 123, 126 (D. Mass 2006). For the reasons set out herein, the more lenient interpretation of administrative exhaustion appears to be best suited to achieving the purposes of the exhaustion requirement.

[2] In contrast to the instant case, in *Brown* the plaintiff was appealing the agency's Final Order to the EEOC, where as here the Agency appealed the ALJ's decision to the EEOC. However, as the statutory language does not distinguish between these scenarios, the court was confronting essentially the same situation: the plaintiff filed his complaint in district court before the 180 day period had passed.

administrative remedies, we consider whether the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her." *Brown,* 440 F.3d at 1263 (quoting *Wade v. Secretary of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986)). The premature filing by the *Brown* plaintiff did not prevent the EEOC from investigating the plaintiff's complaint for the full 180 days, and there was no evidence that the premature filing resulted from a refusal to cooperate in good faith with the administrative process. *Brown,* 440 F.3d at 1264. Thus the Eleventh Circuit found that the employee had not failed to exhaust his administrative remedies and consequently that the premature filing did not deprive the court of subject matter jurisdiction. *Id.*

This Court finds the *Brown* line of precedent persuasive for several reasons. Initially the Court believes *Brown* is more consistent with the policy undergirding the exhaustion requirement. The general goals of exhaustion are (1) to give the employer the first opportunity to investigate and address discrimination in the workplace; (2) to promote an informal just resolution without judicial intervention; and (3) to protect administrative authority. 3 Emp. Discrim. Coord. Analysis of Federal Law §113:27 (2007); *see also*, *Monreal v. Potter*, 367 F.3d 1224, 1233 (10th Circuit 2004); *Woodman v. Runyon,* 132 F.3d 1330, 1342 (10th Cir. 1997). Where, as here, the procedure followed provided every opportunity for the goals to be achieved, there is no reason to insist on compliance with arbitrary and somewhat confusing procedural steps. *See, Woodman,* 132 F.3d at 1342; *Monreal*, 367 F.3d at 1234.

Second, the Tenth Circuit adopted its standard for exhaustion from the Eleventh Circuit, finding that the exhaustion requirement is intended to give the agency the information necessary to resolve the dispute, and thus a "good faith effort by the employee to cooperate with the agency

and the EEOC is all that exhaustion requires." *Khader*,1 F.3d at 971 (quoting the Eleventh Circuit's opinion in *Wade*, 796 F.2d at 1377).

Finally, prior Tenth Circuit precedent concerning the exhaustion of administrative remedies supports such a finding. The Tenth Circuit has noted that for a court to find that the plaintiff failed to exhaust administrative remedies, the plaintiff's non-cooperation must effectively stymie the EEOC's efforts such that "the EEOC proceeding essentially becomes a sham or meaningless proceeding." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1311 (10th Cir. 2005). Only in the rare situation in which the plaintiff is completely uncooperative will the charging party's non-cooperation become a basis for the defendant to challenge the court's jurisdiction on the basis of failure to exhaust administrative remedies. *Id.* at 1311-12; *see also, Khader,*1 F.3d at 970 (finding no exhaustion where plaintiff refused to respond to correspondence from the EEOC, rather sent EEOC a profanity-laced note, and then immediately brought suit in federal court); *Knopp v. Magaw*, 9 F.3d 1478 (10th Cir. 1993) (finding no exhaustion where plaintiff filed discrimination claim with the EEOC and then filed for a preliminary injunction in district court barely a month later). In contrast, where the plaintiff has cooperated in good faith with the administrative process, the Tenth Circuit has found that the court had subject matter jurisdiction, even where the plaintiff's actions departed from the statutory scheme. *See Woodman*, 132 F.3d at 1342 (finding that plaintiff's cooperation in good faith with the administrative process and considerations of judicial economy were sufficient to give the court jurisdiction over additional claims not brought in the original action).

Mr. Cooper filed his suit approximately 72 days early. Unlike the plaintiffs in *Knopp* and *Khader*, however, Plaintiff fully cooperated with the agency through three years of decision and

administrative processing. Only after receiving a favorable result from the ALJ and receiving the notice from the Department of the Interior that the Agency intended to appeal this favorable result to the EEOC, did Plaintiff file the instant action in federal court. Despite this early filing, the EEOC completed its evaluation of the ALJ's decision and rendered a final decision in March, 2006. Thus Plaintiff's premature filing did not deprive either the Agency or the EEOC of the time allotted to investigate his complaint, and at the present moment Plaintiff has exhausted all potential administrative avenues.

Dismissal at this point in the process would bar plaintiff from refiling his complaint, foreclosing judicial relief despite three years of cooperation with the administrative process. Such a result, given that no other administrative avenues are open to Plaintiff, is at odds with the "careful blend of administrative and judicial enforcement powers" established by Congress, *Brown v. General Serv. Administration*, 425 U.S. 820, 833 (1976),[3] and the precedent of the Tenth Circuit. Thus this Court finds that Plaintiff has not failed to exhaust his administrative remedies and the Court as a result may properly take subject matter jurisdiction over this case.[4]

## ORDER

For the above stated reasons, Defendant's Motion to Dismiss is DENIED.

---

[3] When the EEOC has not yet issued its final decision in the case, this Court has held the case in abeyance and waited for the EEOC to issue its final decision. *See, e.g., Ward v. Wal-mart Stores Inc.,* No. CIV 99-1070 BB/WWD (D.N.M., July 11, 2000). Since the Court would not dismiss in that circumstance it would seem inapposite to dismiss in the present situation.

[4] Given the Court's decision, it does not have to address Plaintiff's argument regarding the confusing Final Order sent by the Agency. The Court notes, however, that the Final Order did indicate quite clearly that Plaintiff could bring suit within 90 days of receiving the notice, even though this avenue was not open to Plaintiff given the Agency's appeal.

DATED this 15th day of October, 2007.

_____
BRUCE D. BLACK
United States District Judge